# Exhibit G

# Billing increments

**From:**        Tom Meier <tom.meier@nuwayhouse.org>
**To:**          Ken Roberts <ken.roberts@nuwayhouse.org>, Theresa Hess
                 <theresa.hess@nuwayhouse.org>
**Date:**        Mon, 07 Nov 2016 21:10:01 +0000
**Attachments:** dhs16_185299.pdf (99.03 kB)

Page 3 contains the answer to the increments question raised earlier.

How to reflect this within Procentive given the limitations expressed by Terri earlier is up to you two.
☺

Tom

# Bulletin

Minnesota Department of **Human Services**

NUMBER
#14-51-01

DATE
July 10, 2014

OF INTEREST TO

County Directors

Social Services Supervisors
and Staff

CCDTF Provider Program
Directors and Staff

Tribal Business Persons
and Staff

ACTION/DUE DATE
July 10, 2014

EXPIRATION DATE
July 10, 2016

# Complying with Chemical Dependency Treatment Fund Billing and Rate Enhancement Requirements

## TOPIC

Service and documentation requirements for chemical dependency treatment services

## PURPOSE

To provide instructions on complying with staffing, service, billing and documentation issues related to base rate and enhanced rate funding for payment from the Consolidated Chemical Dependency Treatment Fund.

## CONTACT

Clinical Services Team

651-431-2460

## SIGNED

Charles Johnson

Deputy Commissioner
Policy and Operations Department of Human Services

TERMINOLOGY NOTICE
The terminology used to describe people we serve has changed over time. The Minnesota Department of Human Services (DHS) supports the use of "People First" language.

NUWAY033286_0001

# I. BACKGROUND:

The 2011 Minnesota Legislature enacted a statewide rate setting methodology for all chemical dependency services covered by Consolidated Chemical Dependency Treatment Fund (CCDTF). The rates establish payments for both nonresidential and residential programs, and are based on the clients' level of acuity and complexity. In addition, providers who offer additional ("enhanced") services to targeted groups, as set forth in the statute, are paid an increased rate.

Following the passage of the new rate structure, the Minnesota Department of Human Services (DHS) Alcohol and Drug Abuse Division (ADAD) staff have provided technical assistance and training to providers in order to develop quality programs and services for people receiving treatment for substance abuse disorders and to ensure compliance with the new provider and service standards adopted as part of rate reform. ADAD staff responded to numerous questions raised by providers seeking to better understand the staffing, billing and service requirements imposed by the new rate structure, for both the base rates and the enhanced rates. In addition, ADAD staff have worked closely with staff from the DHS' Licensing Division, who monitor these services and corresponding staff for compliance with the new standards during licensing reviews.

In order to receive payment from the CCDTF for chemical dependency treatment services, the service must be an allowable treatment service, delivered by a qualified provider, to an eligible recipient, with adequate documentation to support each of these elements. In reviewing the questions and concerns identified by providers and the Licensing Division in the years since the new rate structure was enacted, ADAD staff found significant variations in provider practices and interpretations of the current statutes and rules. In response, ADAD, in consultation with the Licensing Division, is issuing this bulletin to provide clarification and guidance on the treatment services for which licensed chemical dependency treatment providers can seek reimbursement from the CCDTF.

**This bulletin replaces previous ADAD policy interpretations, answers to Frequently Asked Questions, and other formal and informal guidance provided to chemical dependency treatment providers regarding the CCDTF billing and rate enhancement requirements.**

# II. What is an allowable treatment service and how is it billed for?

This section of the bulletin will provide guidance on what services are "allowable treatment services" that can be reimbursed by the Fund. Minnesota statutes, section 254B.05, subdivision 5(b) identifies which services are included as rate requirements, for both residential and nonresidential programs. All treatment services identified in Minnesota Rules, part 9530.6430, subparts 1 and 2 (with the exception of item G) are allowable

NUWAY033286_0002

treatment services and, for residential programs, may be included as hours of clinical services. When such treatment services are provided by a qualified provider to an eligible client and supported by adequate documentation, these services can be billed to the Fund.

## A. Treatment services can be delivered as either individual or group services

Any service that is billed for at a group rate, including all treatment services identified in Minnesota Rules, part 9530.6430, subparts 1 and 2, must not exceed the counseling group staffing requirements in Minnesota Rules, part 9530.6445, subpart 4 (adults) or 9530.6485, subpart 3 (adolescents).

## B. Treatment services, billed by hour of service delivered and specific to the procedure code used

Providers billing for treatment services must use the appropriate Healthcare Common Procedure Coding System code based on the American Medical Association's Current Procedural Terminology (CPT).

### 1. In nonresidential programs

H2035 is used for individual counseling and H2035 HQ is used for group counseling provided in these settings. The code is defined as "alcohol and/or drug counseling per hour." Because this code is defined by a unit of time, both the Administrative Uniformity Committee (AUC) and CPT language support the concept that the unit of time is attained when the mid-point is passed, and that more than half of the time must be spent performing the service in order to report that code, excluding any breaks. Accordingly, treatment services must last 31 continuous minutes to qualify as an hour of service. Breaks may not be included in these continuous minutes. Examples:

- 30 Minutes or less of Treatment Services Provided =     0 Billable Hours

- 31 Minutes of Treatment Services Provided  =     1 Billable Hour

- 1 Hour and 30 Minutes of Treatment Service Provided  =   1 Billable Hour

- 1 Hour and 31 Minutes of Treatment Service Provided  =   2 Billable Hours

### 2. In residential programs

H2036 is used for treatment program services in these settings. H2036 is a per diem code. Accordingly, the 30, 15, and five hours of clinical services required for the respective intensity level must be provided based upon a

NUWAY033286_0003

minimum of 50 continuous minutes for every hour of treatment service.
Breaks may not be included in these continuous minutes. Examples:

- 49 Minutes or less of Treatment Services Provided =    0 Hours

- 50 Minutes of Treatment Services Provided =    1 Hour

- 1 Hour and 49 Minutes of Treatment Service Provided =    1 Hour

- 1 Hour and 50 Minutes of Treatment Service Provided =    2 Hours

## C. Clarification on Claims Submissions

The actual dates of services must be clearly identified on the billing claim. Providers must ensure that the treatment services documented in the file add up to all of the time being billed for. Providers must have sufficient documentation to support and verify that a qualified staff person delivered the service being billed for. Billing for a range of dates of service on one line of a claim (e.g. billing for 01/01/03–01/30/03 on one line), also called "span billing," is not allowed.

## D. Room and Board Provider Requirements

Also included under Minnesota Statutes, section 254B.05, subdivision 5(b)(7) as allowable chemical dependency treatment services are "room and board facilities that meet the requirements of section 254B.05, subdivision 1a." Minnesota Statutes, section 254B.05, subdivision 1a sets forth specific requirements that providers must meet in order to be eligible for room and board payments from the Fund. The requirements of this subdivision differ from, and sometimes exceed, the requirements of Rule 31 (Minnesota Rules, parts 9530.6405 to 9530.6505). For example, Minnesota Statutes, section 254B.05, subdivision 1a (a)(7) requires any program receiving the room and board rate to have "awake staff on site 24 hours per day." This requirement exceeds what is required under Rule 31. This means that providers who receive the room and board rate from the Fund, both Rule 31 Residential Programs and stand-alone room and board providers, must adhere to all requirements in Minnesota Statutes, section254B.05, subdivision 1a in addition to Rule 31 requirements.

## E. Limitations on "Outings"

Many questions have arisen about whether an outing (e.g., a shopping trip), or a recreational activity (e.g., a fishing trip), is an allowable treatment service when provided by a qualified staff person. In order for a provider to bill for an outing as an allowable treatment service, there must be adequate documentation in each client's file that the outing addresses a problem identified in the client's individual treatment plan and the specific type of treatment service that is being provided to the client during the outing. If there is not *documentation for each client that demonstrates a link between a problem identified in the treatm*ent plan and the *treatment service* delivered to address that problem;

NUWAY033286_0004

the service is not an allowable treatment service and cannot be billed for as a treatment service. In addition, the treatment service is subject to the same hourly requirements, as noted above.

## F. Limitations on Programs Receiving a Per Diem Rate

If a client is receiving a per diem rate for either *medication-assisted therapy services* or *medication-assisted therapy plus enhanced treatment services*, the client must not receive a rate for hours of individual and group nonresidential counseling services or a residential treatment per diem rate concurrently from the same licensed program location. The client may receive additional services at a different licensed location including nonresidential and residential services.

## G. Billing Form for nonresidential clinics

If a client is receiving a per diem rate for either *medication-assisted therapy services* or *medication-assisted therapy plus enhanced treatment services*, in nonresidential clinics, the professional form CMS 837P must be used for billing. The place of service must also be completed on the form to distinguish on-site dosages from take-home dosages.

**Seeking reimbursement for services that are not allowable treatment services, that exceed the maximum amount allowed, or that fail to meet the requirements of Minnesota Statutes, section 254B.05, subdivision 5, will result in a referral to the DHS Office of Inspector General (both Licensing and Financial Fraud Investigations Divisions) and may result in a sanction or other action against the provider's DHS-issued license, including recovery of funds paid to the provider.**

# III. Who Can Provide the Service?

All chemical dependency treatment providers must be licensed in accordance with Minnesota Rules, parts 9530.6405 to 9530.6480, or 2960.0010 to 2960.0220 and certified under 2960.0430 to 2960.0490, with the exception of tribally-licensed providers of chemical dependency treatment. Treatment services must be provided by staff who meet the specific qualifications set forth in the statutes, rules, or tribal standards. In addition, the following service areas must be indicated on the provider's license in order to receive the specific rate associated with that service:

- 9530.6485 – License Holders Serving Adolescents

- 9530.6490 – License Holders Serving Clients with Children

- 9530.6495 – License Holders Serving Persons with Substance Use and Mental Health Disorders

- 9530.6500 –Programs Serving Intravenous Drug Abusers

- 9530.6505 – Requirements for Licensed Residential Treatment

The following section highlights common issues discovered in meeting with providers and providing technical assistance by the Alcohol and Drug Abuse Division or in onsite inspections and reviews by Licensing Staff.

## A. Limitations on Qualified Staff

Treatment services that are billed as individual or group hours must be provided by a qualified staff person who meets one of the following criteria:

1. Alcohol and drug counselors qualified according to Minnesota Rules, part 9530.6450, subpart 5;

2. Alcohol and drug Counselor- Trainee (ADC-Ts), as defined in Minnesota Statutes, section 148F.035 (c) (3);

3. Student interns that meet the definition of a student intern in Minnesota Rules, part 9530.6405, subpart 17a;

4. An individual specifically qualified according to the accepted standards of that profession as allowed by Minnesota Rules, part 9530.6430, subpart 3. Individuals specifically qualified according to the accepted standards of that profession include but are not limited to Minnesota board licensed professionals providing certain specific services strictly limited to the scope of practice allowed by their license. If an individual is not a Minnesota board licensed professional; the license holder should consult with a DHS mental health and chemical dependency services licensor regarding their qualifications and the specific services they may provide prior to providing any treatment service. A DHS mental health and chemical dependency services licensor can be contacted at 651-431-6500.

5. In order for DHS to determine whether the non-ADC meets the exception in 4 above, the provider must document what treatment service will be provided by the individual, what the individual's profession is, and how the person meets the accepted standards of that profession. DHS will look for documentation that shows that non-ADC is licensed by the State of Minnesota and is delivering a treatment service contemplated within the scope of practice of that licensed profession. Documentation must be included in the non-ADC's personnel file and available for review upon request.

6. Mental health professionals, as defined in Minnesota Statutes, section 245.462, subdivision 18, clauses (1) to (6), or licensing candidates under the supervision of a licensed alcohol and drug counselor supervisor and licensed mental health professional while providing treatment services as required by Minnesota Statutes, section 254B.05, subdivision 5, paragraph (c), clause (4). Mental health professionals, mental health students, and mental health licensing candidates may

only provide mental health treatment services as allowed by their applicable board. If providing any alcohol and drug counseling services they must meet the requirements of Minnesota Rules, part 9530.6450, subpart 5 (Alcohol and drug counselor qualifications).

7. Minnesota Statutes, section 148F.11, subdivision 1 allows for exception from LADC licensure for "American Indian medicine men and women". State licensed programs may apply for a variance to the requirements for counselors in Minnesota Rules, part 9530.6450, subpart 5 for staff previously employed under, and billed for services by a "culturally informed substance abuse professional". Tribally licensed programs may choose to issue such a variance through their regulatory agencies to enable billing for services.

## B. Limitations on Billing for Lectures or Informational Presentations

Many questions have arisen regarding whether a provider can bill the Fund for the time spent on presentations or lectures as a treatment service provided by nonqualified persons. The program may utilize non-qualified persons to present information, *but may not bill the Fund for this*. For example, a program may offer a presentation on employment skills by an individual who does not meet the requirements of Minnesota Rules part 9530.6450, subpart 5. Such presentations in and of themselves are not an allowable treatment service and cannot be billed to the Fund.

However, under certain conditions, the presentation by a non-qualified person may be included in the hours billed for group treatment services if the following conditions are met:

1. One or more qualified staff persons must also be physically present while the information is presented in an amount sufficient to meet the counseling group staffing requirements in Minnesota Rules, part 9530.6445, subpart 4 (adults) or 9530.6485, subpart 3 (adolescents), and

2. Immediately following the presentation of information by non-qualified persons, the qualified staff person(s) must process the information presented to the clients in order for the time spent receiving information from unqualified persons to be included in any hours billed as group treatment services. This processing of information by the qualified staff person(s) must be done with clients in separate groups that do not exceed the counseling group staffing ratio requirements in Minnesota Rules, part 9530.6445, subpart 4 (adults) or 9530.6485, subpart 3 (adolescents).

Example: A nonqualified person may present information on a topic to 32 clients that are all in the same room. Two qualified staff persons are required to be

physically present in this room the entire time the information is being presented. Immediately following this lecture the larger group must split into two smaller groups consisting of 16 clients each and separately process the information that was presented with a qualified staff person.

If a provider has questions about whether a particular staff person is a qualified staff person as described in (1)-(5) above, please contact a DHS mental health and chemical dependency services licensor at 651-431-6500 prior to billing for services provided by this person.

**Seeking reimbursement for services that were provided by persons who do not meet the requirements of Minnesota Rules, part 9530.6450, will result in a referral to the DHS Office of Inspector General (both Licensing and Financial Fraud Investigations Divisions) and may result in a sanction or other action against the provider's DHS-issued license, including recovery of funds paid to the provider.**

# IV. Documentation Requirements

As a condition for payment by a program, a vendor must document each occurrence of a health service provided to a recipient. All providers enrolled with DHS as a Minnesota Health Care Program provider and receiving Medical Assistance (MA) or CCDTF funds must meet the documentation requirements for health service records set forth in Minnesota Rules, part 9505.2175 and Financial Records in Minnesota Rules, part 9505.2180, as well as requirements relating to Chemical Dependency Licensed Treatment Facilities in Minnesota Rules, parts 9530.6405-6505.

## A. Written Treatment Plan Required

Each client must have a written treatment plan that documents the specific methods to be used to address identified problems, including the amount, frequency, and anticipated duration of treatment services. Services that are not clearly noted in the treatment plan as being needed to address an identified problem are not allowable treatment services, even if provided by a qualified staff person.

## B. Written Progress Notes Required

Progress notes must be entered in a client's file weekly or after each treatment service, whichever is less frequent, by the staff person providing the service, unless otherwise allowed by rule, statute, variance, or tribal standard. The note must indicate the type and amount of each treatment service the client has received. The note must reference the treatment plan and establish that the service met an identified need of the client.

## C. Documentation of Participation in Treatment Services and Limitations on Billing

Billing for services included in a treatment plan that are scheduled, but not actually delivered, is not allowed. Providers must clearly note the date, time and duration of an individual client's <u>actual</u>, not scheduled, participation in the group activity. Licensing and Surveillance and Integrity Review Section (SIRS) staff have found that documentation offered to support billing submissions, including notes in individual client files, are substantially deficient and lack sufficient documentation to verify actual client participation in all group activities billed to the Fund. Recent investigations of several providers have revealed a troubling pattern: Providers are relying on sign-in sheets at the beginning and end of a block of time stretching 6 or more hours, without documenting actual treatment services provided to each client, including the type, amount, and duration in the client file. Provider claims for six or more hours of group treatment services in a single day have been compared against clients' actual files and many of the six hours billed for were not supported by documentation.

## D. Documentation of Health Records Required

As required by Minnesota Rules, part 9505.2175, a provider must keep a health service record as specified in items 1 to 9:

1. The record must be legible

2. The recipient's name must be on each page of the recipient's record

3. Each entry in the health service record must contain: (1) the date on which the entry is made; (2) the date or dates on which the health service is provided; (3) the length of time spent with the recipient if the amount paid for the service depends on time spent; (4) the signature and title of the person from whom the recipient received the service; and (5) when applicable, the countersignature of the vendor or supervisor as required under parts 9505.0170 to 9505.0475

4. The record must state: (1) the recipient's case history and health condition as determined by the vendor's examination or assessment; (2) the results of all diagnostic tests and examinations; and (3) the diagnosis resulting from the examination

5. The record must show the quantity, dosage, and name of prescribed drugs ordered for or administered to the recipient

6. The record must contain reports of consultations that are ordered for the recipient

7. The record must contain the recipient's plan of care, individual service plan as required by Minnesota Statutes, section 256B.092, or individual treatment plan. For

purposes of this item, "plan of care" has the meaning given in part 9505.0175, subpart 35; and "individual treatment plan" has the meaning given in part 9505.0370, subpart 15.

8. The record must report the recipient's progress or response to treatment, and changes in the treatment or diagnosis

9. The record of a laboratory or x-ray service must document the vendor's order for service

## E. Documentation of Financial Records Required

As required by Minnesota Rules, part 9505.2180, the financial records, including written and electronically stored data, of a provider who receives payment for a recipient's services under the Fund must contain the material specified in items 1 to 9:

1. Payroll ledgers, canceled checks, bank deposit slips, and any other accounting records;

2. Contracts for services or supplies that relate to the vendor's costs and billings to a program for the recipient's health services;

3. Evidence of the vendor's charges to recipients, consistent with the requirements of Minnesota Statutes, chapter 13;

4. Evidence of claims for reimbursement, payments, settlements, or denials resulting from claims submitted to third-party payers or programs;

5. The vendor's appointment books for patient appointments and the schedules for patient supervision, if applicable;

6. Billing transmittal forms;

7. Records showing all persons, corporations, partnerships, and entities with an ownership or controlling interest in the vendor;

8. Employee records for those persons currently employed by the vendor or who have been employed by the vendor at any time within the previous five years which under Minnesota Statutes, chapter 13, would be considered public data for a public employee such as employee name, salary, qualifications, position description, job title, and dates of employment; in addition employee records shall include the employee's time sheets, current home address of the employee or the last known address of any former employee, and criminal background checks, when required; and

9. Delivery tracking information, where applicable, such as the provider's shipping invoice, delivery manifest, or the delivery service's tracking slip

NUWAY033286_0010

Adherence to DHS billing and documentation requirements will be monitored by ADAD staff through technical assistance, Licensing staff and by the Surveillance Integrity Review Section of the DHS Office of Inspector General.

**Providers must comply with health service and financial records documentation requirements as noted above. Providers must also understand what practices constitute financial "abuse" under Minnesota Rules, part 9505.2165, subpart 2 and financial "fraud" under Minnesota Rules, part 9505.2165, subpart 4. Failure to (i) document each occurrence of a health service provided to a client and billed to the Fund and (ii) maintain required financial records, will result in a referral to DHS Office of Inspector General (both Licensing and Financial Fraud Investigations Divisions) and may result in a sanction or other action against the provider's DHS-issued license, including recovery of funds paid to the provider.**

# V. Guidance and Clarification Relating Specifically to Programs Seeking an Enhanced Rate

In addition to meeting the provider qualifications and documentation requirements when delivering a qualified health service reimbursable under the Fund, certain providers can obtain additional funding by enhancing their services to provide services to address the chemical dependency needs of specific populations. Under Minnesota Statutes, section 254B.05, subdivision 5(c), the commissioner has authority to establish higher rates for certain programs that also meet the requirements of subdivision 5(b) of the statute (as discussed above).

This section of the bulletin will provide guidance on how DHS will evaluate whether a license holder has successfully demonstrated that a particular program meets the eligibility criteria for an enhanced rate under Minnesota Statutes, section 254B.05, subdivision 5(c). Although the statute uses the term "programs" when defining eligibility for the enhanced rate, DHS recognizes that many providers will also provide services to clients who do not fit within one of these categories, or provide services that do not qualify for the enhanced rate. For this reason, DHS will consider a distinct "track" within a program as meeting the eligibility criteria for an enhanced rate. Thus, "program" and "track" have the same meaning unless specifically noted otherwise.

**Please be aware of the 2014 legislature actions that affect all rate enhancements. Additions are underlined, removed language is stricken.**

Subd. 5. **Rate requirements.** (a) The commissioner shall establish rates for chemical dependency services and service enhancements funded under this chapter.
(b) Eligible chemical dependency treatment services include:
(1) outpatient treatment services that are licensed according to Minnesota

Rules, parts 9530.6405 to 9530.6480, or applicable tribal license;

(2) medication-assisted therapy services that are licensed according to Minnesota Rules, parts 9530.6405 to 9530.6480 and 9530.6500, or applicable tribal license;

(3) medication-assisted therapy plus enhanced treatment services that meet the requirements of clause (2) and provide nine hours of clinical services each week;

(4) high, medium, and low intensity residential treatment services that are licensed according to Minnesota Rules, parts 9530.6405 to 9530.6480 and 9530.6505, or applicable tribal license which provide, respectively, 30, 15, and five hours of clinical services each week;

(5) hospital-based treatment services that are licensed according to Minnesota Rules, parts 9530.6405 to 9530.6480, or applicable tribal license and licensed as a hospital under sections 144.50 to 144.56;

(6) adolescent treatment programs that are licensed as outpatient treatment programs according to Minnesota Rules, parts 9530.6405 to 9530.6485, or as residential treatment programs according to Minnesota Rules, ~~chapter 2960~~ parts 2960.0010 to 2960.0220, and 2960.0430 to 2960.0490, or applicable tribal license; and

(7) room and board facilities that meet the requirements of section 254B.05, subdivision 1a.

(c) The commissioner shall establish higher rates for programs that meet the requirements of paragraph (b) and the following additional requirements:

(1) programs that serve parents with their children if the program:

(i) provides on-site child care during hours of treatment activity that meets the ~~additional licensing requirement~~ requirements in Minnesota Rules, part 9530.6490, ~~and provides child care that meets the requirements of~~ or section 245A.03, subdivision 2, ~~during hours of treatment activity~~; or

(ii) arranges for off-site child care during hours of treatment activity at a facility that is licensed under chapter 245A as:

(A) a child care center under Minnesota Rules, chapter 9503; or

(B) a family child care home under Minnesota Rules, chapter 9502;

(2) programs serving special populations if the program meets the requirements in Minnesota Rules, part 9530.6605, subpart 13;

(3) programs that offer medical services delivered by appropriately credentialed health care staff in an amount equal to two hours per client per week if the medical needs of the client and the nature and provision of any medical services provided are documented in the client file; and

(4) programs that offer services to individuals with co-occurring mental health and chemical dependency problems if:

(i) the program meets the co-occurring requirements in Minnesota Rules, part 9530.6495;

(ii) 25 percent of the counseling staff are licensed mental health professionals, as defined in section 245.462, subdivision 18, clauses (1) to (6), or are students or licensing candidates under the supervision of a licensed alcohol and drug counselor supervisor and licensed mental health professional, except that no more than 50 percent of the mental health staff may be students or licensing candidates with time documented to be directly related to provisions of co-occurring services;

(iii) clients scoring positive on a standardized mental health screen receive a mental health diagnostic assessment within ten days of admission;

(iv) the program has standards for multidisciplinary case review that include a monthly review for each client that, at a minimum, includes a licensed mental health professional and licensed alcohol and drug counselor, and their involvement in the review is documented;

(v) family education is offered that addresses mental health and substance abuse disorders and the interaction between the two; and

(vi) co-occurring counseling staff will receive eight hours of co-occurring disorder training annually.

(d) In order to be eligible for a higher rate under paragraph (c), clause (1), a program that provides arrangements for off-site child care must maintain current documentation at the chemical dependency facility of the child care provider's current licensure to provide child care services. Programs that provide child care according to paragraph (c), clause (1), must be deemed in compliance with the licensing requirements in Minnesota Rules, part 9530.6490.

(e) Adolescent residential programs that meet the requirements of Minnesota Rules, parts 2960.0580 to 2960.0700 2960.0430 to 2960.0490 and 2960.0580 to 2960.0690, are exempt from the requirements in paragraph (c), clause (4), items (i) to (iv).


**EFFECTIVE DATE.** This section is effective the day following final enactment.

The following programs are eligible to seek an enhanced rate:

## A. Programs serving parents with their children eligibility

**Programs that serve parents with their children are eligible for an enhanced rate if the program meets the additional licensing requirement in Minnesota Rules, part 9530.6490 and provides child care that meets the requirements of Minnesota Statutes, section 245A.03, subdivision 2, during hours of treatment activity.**

A license holder seeking to receive the enhanced rate under this provision must have the designation "9530.6490 (License Holders Serving Clients With Children)" on their license or must request to have it added to their license. This includes all programs that receive the clients with children rate including residential programs, nonresidential programs, and room and board programs. Room and board programs must have 9530.6490 added to the license of the nonresidential program where their clients attend treatment. Failure to have this designation on the license will prohibit a provider from claiming an enhanced rate under this provision of section Minnesota Statutes, section245B.05, subdivision 5(c). For information on how to add this to your license, please contact a DHS mental health and chemical dependency services licensor at 651-431-6500.

# B. Culturally specific programs enhanced rate per Minnesota Statute, section 254B.05.

Legislature action of the 2014 session defined a culturally specific program in Minnesota Statute 254B.01, section as:

Subd. 4a. culturally specific program. (a) "Culturally specific program" means a substance use disorder treatment service program that is recovery-focused and culturally specific when the program:(1) improves service quality to and outcomes of a specific population by advancing health equity to help eliminate health disparities; and(2) ensures effective, equitable, comprehensive, and respectful quality care services that are responsive to an individual within a specific population's values, beliefs and practices, health literacy, preferred language, and other communication needs.(b) A tribally licensed substance use disorder program that is designated as serving a culturally specific population by the applicable tribal government is deemed to satisfy this subdivision.

Further there is a change in 254B.05 as seen below:

(2) culturally specific programs serving special populations as defined in section 254B.01, subdivision 8, if the program meets the requirements in Minnesota Rules, part 9530.6605, subpart 13.

**Programs serving special populations are eligible for an enhanced rate if the program meets the requirements in Minnesota Rules, part 9530.6605, subpart 13.**

A license holder seeking to receive the enhanced rate under this provision must be operating a program or track that meets the definition of a "culturally specific program" as

found in Minnesota Rules, part 9530.6605, subpart 13. As defined in the rule, "Culturally specific programs" means programs or subprograms:

i.   Designed to address the unique needs of individuals who share a common language, racial, ethnic, or social background;

ii.  Governed with significant input from individuals of that specific background; and

iii. That employ individuals to provide individual or group therapy, at least 50 percent of whom are of that specific background."

To meet the requirement that a program is designed to address the unique needs of individuals who share a common language, racial, ethnic, or social background, the license holder must have some objective, written description of the program or track that identifies the special population being served. This could be a brochure or website targeted to the public that describes the population being served.

The license holder must describe how the program meets the requirement that the program employs individuals to provide individual or group therapy, at least 50 percent of whom are of that specific background. Only those individuals providing individual and group therapy within the special populations track may be included in the 50 percent calculation. The license holder cannot count staff who are not working with that special population when calculating that the 50% ratio has been met. ADC and mental health program (MHP) supervisors may be included in the 50 percent calculation even if they only supervise the provision of individual and group therapy and do not directly provide the therapy. Interns and ADC-Ts may be included in the 50 percent calculation.

Programs seeking to receive the rate enhancement as a culturally program must continue to meet all the requirements in Minnesota Rules, part 9530.6605, subpart 13.

## C. Programs that offer medical services eligibility

**Programs that offer medical services are eligible for an enhanced rate if the services are delivered by appropriately credentialed health care staff in an amount equal to two hours per client per week.**

A license holder seeking to receive the enhanced rate under this provision must document that at least two hours of medical services were available on-site each week by appropriately credentialed health care staff for each client that is in the medical services track. For example, if four clients are in the medical services track, then the program must document eight hours worked by appropriately credentialed health care staff during that week.

"Appropriately credentialed health care staff" includes physicians, nurses [advanced practice registered nurse (APRN), registered nurse (RN), or licensed practical nurse

(LPN)], dieticians, certified physiologists, physician's assistants, licensed chiropractors certified in acupuncture and pharmacists operating within scope of practice for license.

"Medical services" provided to clients in this program or track include health care services, nursing services, dietary services, emergency physician services, services necessary for medical intervention, and consultation with medical professionals that are documented as being available and offered by the provider.

## D. Programs that offer co-occurring mental health and chemical dependency services eligibility

**Programs that offer services to individuals with co-occurring mental health and chemical dependency problems are eligible for an enhanced rate if certain conditions are met.**

A license holder seeking to receive the enhanced rate under this provision may seek the enhanced rate for either a "co-occurring track" being offered to certain clients, or for an entire program which offers only co-occurring services. In either case, all of the conditions listed below (1-6) must be met.

Of the four types of program enhancements that are eligible for the enhanced rate under Minnesota Statutes, section 254B.05, subdivision 5(c), this one has raised the greatest concerns regarding compliance and adequacy of documentation. For this reason, the bulletin provides significant guidance on each condition that must be met in order to assist license holders seeking to qualify for an enhanced rate under this provision.

1. *The co-occurring track must meet the requirements in Minnesota Rules, part 9530.6495. A license holder seeking to receive the enhanced rate under this provision must have the designation "9530.6495 (License Holders Serving Persons With Substance Use and Mental Health Disorders)" on their license. For more information on how to add this to your license, please contact a DHS mental health and chemical dependency services licensor at 651-431-6500.*

2. *At least 25 percent of the counseling staff in the co-occurring track must be mental health professionals, as defined in Minnesota Statutes, section 245.462, subdivision 18, clauses (1) to (6), or are students or licensing candidates under the supervision of a licensed alcohol and drug counselor supervisor and licensed mental health professional, except that no more than 50 percent of the mental health staff may be students or licensing candidates.*

3. *Clients scoring positive on a standardized mental health screen receive a mental health diagnostic assessment within ten days of admission.*

NUWAY033286_0016

4.   The program has standards for multidisciplinary case review that include a monthly review for each client.

5.   Family education is offered that addresses mental health and substance use disorders and the interaction between the two.

6.   Co-occurring counseling staff receives eight hours of co-occurring disorder training annually.

## Staffing Ratio Exceeds Requirement under Minnesota Rules, part 9530.6495, item A.

The Minnesota Statutes, section 254B.05, subdivision 5 sets forth a minimum ratio of mental health professionals to chemical dependency counseling staff that a co-occurring track must meet in order to qualify for the enhanced rate. Providers should be aware that the 25% standard exceeds the mental health staffing requirement in Minnesota Rules, part 9530.6495, item A for programs that carry a designation as "serving persons with substance use and mental health disorders." Programs with the "9350.6495" designation on their licenses must ensure they are also meet the staffing requirements under this provision to be eligible to bill for the enhanced rate.

### Counseling Staff

"Counseling staff" includes all chemical dependency counseling staff and all mental health counseling staff.

### Calculating the Ratio

The 25% requirement must be calculated from the total of both all chemical dependency counseling staff and all mental health counseling staff performing work functions related to clients in the co-occurring track. These work functions may include the provision of treatment services, case consultation, clinical supervision by a mental health professional, documentation of client services, coordination of services with others, and treatment team meetings. These work functions cannot include, work functions not related to the co-occurring track clients, or administrative functions (billing, marketing, hiring, personnel management).

The 25% requirement must be met on a weekly basis. The license holder must maintain documentation of how the 25% requirement is met weekly, including a tracking of all staff person's hours spent each week performing work functions specifically related to clients receiving the co-occurring services. For any period in excess of 7 calendar days which a provider did not meet the mental health staffing ratio (e.g., insufficient mental health staff due to vacation, extended illness, turnover, etc.), only the base rate for chemical dependency treatment services can be billed to the Fund.

The 25% staffing ratio is not based on number of staff but rather on the number of hours spent performing work functions in the co-occurring track. To determine compliance with the 25% staffing ratio, DHS will look at the total number of hours spent performing work functions in the co-occurring track over the period of a week and determine whether at least 25% of those scheduled hours were staffed by a mental health professional (or student or licensing candidate as allowed below).

**Examples for Calculating the 25% Staffing Ratio:**

1. (CD Counseling Staff Weekly Hours + MH Counseling Staff Weekly Hours) ÷ 4
   = *Required Amount of MH Counseling Staff Weekly Hours*

**OR**

2. CD Counseling Staff Weekly Hours ÷ 3 = *Required MH Counseling Staff Weekly Hours*

**Example for Tracking Weekly Compliance With the 25% Staff Ratio:**

| Name of Counseling Staff Person | Chemical Dependency Counseling Staff | Mental Health Counseling Staff | CD or MH Qualifications | Hours Spent Performing Weekly Work Functions in the Co-Occurring Track |
|---|---|---|---|---|
| Name | X | | LADC | 40 |
| Name | X | | LADC | 40 |
| Name | X | | LADC | 40 |
| Name | | X | LICSW | 40 |
| **Percentage of hours that were mental health counseling staff for this week: 25%** | | | | |

## Qualifications of the Mental Health Staff

The provider must have documentation to verify that the mental health staff counted towards meeting the 25% staffing ratio meets the definition of a mental health professional as defined in Minnesota Statutes, section 245.462, subdivision 18, clauses (1) to (6). Providers should read that statute carefully to determine which mental health staff meet this requirement.

## Limitation on Billing for Mental Health Staff Time

The enhanced rate already includes payment for the services of the mental health professional for at least 25% of the staff hours in the co-occurring track. Therefore, the program may not receive any other financial reimbursement from any other entity [e.g., MA, Prepaid Medical Assistance Program (PMAP), private insurance, cash payment] for any of the hours of mental health staff time used to meet this 25% staffing ratio requirement.

In addition, if a provider uses mental health licensing candidates or interns to provide services (discussed below), the license holder must also employ a mental health professional to provide case consultation and clinical supervision to the licensing candidates and interns. A licensed mental health professional that only provides case consultation and clinical supervision for clients in the co-occurring track and never provides counseling services may still have their time spent providing case consultation and clinical supervision included as part of the 25% requirement.

## Issues Relating to the Use of Students and Licensing Candidates in the Mental Health Field

Licensing candidates and students in the mental health field who provide counseling services to clients in a co-occurring track can be counted as part of the 25% staffing ratio if they are under the supervision of both a licensed alcohol and drug counselor supervisor and a licensed mental health professional as per Minnesota Statutes, section 245.462 subdivision 18, clauses (1)-(6), that are both either employed or contracted by the program. However, no more than 50% of the mental health staff may be students or licensing candidates. Again, compliance with this staffing ratio should be determined based upon total hours spent performing work functions in the co-occurring track for all clients in the co-occurring track.

All students and licensing candidates must be supervised by both a licensed alcohol and drug counselor (LADC) supervisor and a licensed mental health professional who are either employed or contracted by the program, regardless of other clinical supervision they may be receiving outside of the program. The LADC supervisor must meet the requirements in Minnesota Rules, part 9530.6450, subpart 4 (Alcohol and drug counselor supervisor qualifications). The program may assign multiple LADC supervisors and licensed mental health professionals to provide this supervision.

**Use of Students in the Mental Health Field:**

1. The student must be enrolled in a graduate degree program at an accredited school or educational program pursuing a degree in one of the areas listed in Minnesota Statutes, section 245.462, subdivision 18, clauses (1) to (6); and

2. The personnel file must contain a copy of the current internship contract that is between the graduate degree program and the license holder's program

3. Providers must seek a Rule 31 variance in order to use mental health students as the Rule 31 definition for a student intern is limited to a person who is enrolled in an alcohol and drug counselor education program

**Use of Licensing Candidates in the Mental Health Field:**

1. The licensing candidate's personnel file must contain verification that the person has received a graduate or doctoral degree from an accredited school or educational program for one of the areas listed in Minnesota Statutes, section 245.462, subdivision 18, clauses (1) to (6);

2. The licensing candidate must be actively pursuing clinical licensure in one of the areas listed in Minnesota Statutes, section 245.462, subdivision 18, clauses (1) to (6); and

3. The licensing candidate's personnel file must contain documentation that clinical supervision is taking place as required by the applicable licensing board and a copy of the supervision contract that is required by the applicable licensing board

4. Providers are not required to seek a Rule 31 variance in order to use licensing candidates in a mental health field, because they may provide services for which they are specifically qualified according to the accepted standards of that profession, as allowed in Minnesota Rules, part 9530.6430, subpart 3

## Regarding clients scoring positive on a standardized mental health screen

**The license holder must document that clients scoring positive on a standardized mental health screen receive a mental health diagnostic assessment within ten days of admission.**

If a client has had a Rule 25 (Minnesota Rules, parts 9530.6600 - 9530.6655) assessment, the program may utilize the mental health screen embedded in the Rule 25 assessment. In that case, the program is only required to conduct a Diagnostic Assessment on those clients with a positive score of "Moderate (1 to 2) A Possible Diagnosis; the client is likely to benefit from a brief assessment and nonresidential intervention."

The program may utilize a current diagnostic assessment if the program obtains a copy within ten days of admission.

A diagnostic assessment is considered current if it was completed within the previous 180 days, consistent with the provisions of Minnesota Rules, parts 9505.0370 to 9505.0372.

If a client has not yet had a Rule 25 assessment, the program must perform a mental health screen that has been approved by the DHS Alcohol and Drug Abuse Division, which includes: GAIN-SS.

The program must then conduct a diagnostic assessment on clients who attain a positive score on this screen.

# The license holder must perform monthly case review

**The license holder must document that the program has standards for multidisciplinary case review that include a monthly review for each client.**

The monthly multidisciplinary case review must include any mental health staff and alcohol and drug counselors that are responsible for the client's treatment planning. There must be at least one mental health professional and one alcohol and drug counselor present at the review. This may be one person if that person is qualified as both a mental health professional and as an alcohol and drug counselor.

The program must document the monthly review for each client in a progress note or a central file. This documentation must include the date of the review, names of the staff that participated in the review, a summary of what was addressed in the review, and any recommendations resulting from the review.

# The license holder documentation regarding family education

**The license holder must document that family education is offered that addresses mental health and substance abuse disorders and the interaction between the two.**
How the program provides family education must be described in the program's service description.

# The license holder documentation of co-occurring counseling staff annual training

**The license holder must document that co-occurring counseling staff will receive eight hours of co-occurring disorder training annually.**

Co-occurring counseling staff that must receive this training includes: mental health professionals, students and licensing candidates providing mental health services, alcohol and drug counselors, and alcohol and drug counseling student interns.

# Adolescent residential program exemption

**Adolescent residential programs that meet the requirements of Minnesota Rules, parts 2960.0580 to 2960.0700, are exempt from the requirements in Minnesota Statute, section 254B.05, subdivision 5, paragraph (c), clause (4), items (i) to (iv).**

Children's Residential Facilities licensed under Minnesota Rules, parts 2960.0010 to 2960.0220 and 2960.0430 to 2960.0490 (Chemical Dependency Certification) may choose to meet all of the requirements in Minnesota Statute, section 254B.05, subdivision.5, paragraph (c), clause (4), items (i) to (iv).

**ADAD will answer questions regarding this bulletin during Wednesdays with ADAD Webinars. Links to these webinars are found here: DHS Training Web Resources**


**Americans with Disabilities Act (ADA) Advisory**

This information is available in accessible formats for people with disabilities by calling (651-431-2460 voice) or by using your preferred relay service. For other information on disability rights and protections, contact the agency's ADA coordinator