*NUWAY, et al.*

*vs.*

*Minnesota Department of Human Services*
*Temporary Commissioner Shireen Gandhi*


U.S.D.C. No. 25-CV-00492 (JRT/ECW)


# DECLARATION OF
# AMANDA NOVAK


# **EXHIBIT 1**



February 29, 2024

Nuway House, Inc.
Ben Madden Nuway House
2518 First Avenue South
Minneapolis, MN 55404

Certified and Regular Mail

**Notice of Payment Withhold**
**Provider Number: 577162000; NPI: 1265515639**

Dear Authorized Representative:

The Minnesota Department of Human Services (DHS) Program Integrity Oversight Division (PIO) will withhold all Minnesota Health Care Programs (MHCP) payments for substance use disorder treatment services to Nuway House, Inc. effective April 1, 2024.

**Basis for Action**

DHS determined there is a credible allegation of fraud for which an investigation is pending under the MHCP. DHS has information that Nuway House, Inc.:
- Billed for services not provided as billed;
- Improperly induced services through the use of illegal kickbacks;
- Failed to return overpayments;
- Submitted claims for which it was not entitled to reimbursement; and
- Failed to document services in compliance with legal requirements.

**Temporary Withholding**

The MHCP payment withhold will start April 1, 2024 and continue until DHS or a prosecuting authority determines there is insufficient evidence of fraud, or until legal proceedings related to the alleged fraud are completed.

Nuway House, Inc. has the right to submit written evidence to DHS explaining why payments should not be withheld. Mail your written evidence to the P.O. Box listed at the bottom of the page.

If Nuway House, Inc. is going to continue to provide services to MHCP recipients while it is not being paid by MHCP, it must notify PIO by March 14, 2024.  To notify PIO, call the investigator below at 651-431-2921.

If Nuway House, Inc. is unable to continue providing services to MHCP recipients, it must:
- Notify recipients and employees about this change
- Assist the recipients in transitioning to providers of their choice

- Know that DHS is available to assist recipients with transitions to other providers.

If you have questions about this notice, require it in an accessible format, or need a reasonable accommodation for a disability, please contact Charles Esboldt at 651-431-2921, Charles.Esboldt@state.mn.us, or use your preferred relay service.

Program Integrity Oversight Division
Office of the Inspector General
Minnesota Department of Human Services

*Legal Authority:*
Minnesota Statutes, sections 256B.064, subd. 2(b) and 256B.0641
Minnesota Rules, parts 9505.0180, 9505.2231 and 9505.2160 to 9505.2245.
42 CFR section 455.23

*NUWAY, et al.*
*vs.*
*Minnesota Department of Human Services*
*Temporary Commissioner Shireen Gandhi*

U.S.D.C. No. 25-CV-00492 (JRT/ECW)

DECLARATION OF
AMANDA NOVAK

**EXHIBIT 2**



**DEPARTMENT OF HUMAN SERVICES**

March 15, 2024

Nuway House, Inc.
Ben Madden Nuway House
2518 First Avenue South
Minneapolis, MN 55404

Certified and Regular Mail

**Notice of Payment Withhold**
**Provider Number: 577162000; NPI: 1265515639**

Dear Authorized Representative:

This Amended Notice of Payment Withhold replaces the original Notice of Payment Withhold dated February 29, 2024. The Minnesota Department of Human Services (DHS) Program Integrity Oversight Division (PIO) will withhold all Minnesota Health Care Programs (MHCP) payments for substance use disorder treatment services to Nuway University Counseling Center effective May 15, 2024.

**Basis for Action**

DHS determined there is a credible allegation of fraud for which an investigation is pending under the MHCP. DHS has information that Nuway House, Inc.:
- Billed for services not provided as billed;
- Improperly induced services through the use of illegal kickbacks;
- Failed to return overpayments;
- Submitted claims for which it was not entitled to reimbursement; and
- Failed to document services in compliance with legal requirements.

**Temporary Withholding**

The MHCP payment withhold will start May 15, 2024 and continue until DHS or a prosecuting authority determines there is insufficient evidence of fraud, or until legal proceedings related to the alleged fraud are completed.

Nuway House, Inc. has the right to submit written evidence to DHS explaining why payments should not be withheld. Mail your written evidence to the P.O. Box listed at the bottom of the page.

If Nuway House, Inc. is going to continue to provide services to MHCP recipients while it is not being paid by MHCP, it must notify PIO by March 29, 2024. To notify PIO, call the investigator below at 651-431-2921.

If Nuway House, Inc. is unable to continue providing services to MHCP recipients, it must:
- Notify recipients and employees about this change
- Assist the recipients in transitioning to providers of their choice

- Know that DHS is available to assist recipients with transitions to other providers.

If you have questions about this notice, require it in an accessible format, or need a reasonable accommodation for a disability, please contact Charles Esboldt at 651-431-2921, Charles.Esboldt@state.mn.us, or use your preferred relay service.

Program Integrity Oversight Division
Office of the Inspector General
Minnesota Department of Human Services

*Legal Authority:*
Minnesota Statutes, sections 256B.064, subd. 2(b) and 256B.0641
Minnesota Rules, parts 9505.0180, 9505.2231 and 9505.2160 to 9505.2245.
42 CFR section 455.23

*NUWAY, et al.*
*vs.*
*Minnesota Department of Human Services*
*Temporary Commissioner Shireen Gandhi*

U.S.D.C. No. 25-CV-00492 (JRT/ECW)

DECLARATION OF
AMANDA NOVAK

# EXHIBIT 3



**DEPARTMENT OF HUMAN SERVICES**

April 15, 2024

Nuway House, Inc.
Ben Madden Nuway House
2518 First Avenue South
Minneapolis, MN 55404

Certified and Regular Mail

**Amended Notice of Payment Withhold**
**Provider Number: 577162000; NPI: 1265515639**

Dear Authorized Representative:

This Amended Notice of Payment Withhold replaces the Amended Notice of Payment Withhold dated March 15, 2024. The Minnesota Department of Human Services (DHS) Program Integrity Oversight Division (PIO) will withhold all Minnesota Health Care Programs (MHCP) payments for substance use disorder treatment services to Nuway House, Inc. effective June 15, 2024.

**Basis for Action**

DHS determined there is a credible allegation of fraud for which an investigation is pending under the MHCP. DHS has information that Nuway House, Inc.:
- Billed for services not provided as billed;
- Improperly induced services through the use of illegal kickbacks;
- Failed to return overpayments;
- Submitted claims for which it was not entitled to reimbursement; and
- Failed to document services in compliance with legal requirements.

**Temporary Withholding**

The MHCP payment withhold will start June 15, 2024 and continue until DHS or a prosecuting authority determines there is insufficient evidence of fraud, or until legal proceedings related to the alleged fraud are completed.

Nuway House, Inc. has the right to submit written evidence to DHS explaining why payments should not be withheld. Mail your written evidence to the P.O. Box listed at the bottom of the page.

If Nuway House, Inc. is going to continue to provide services to MHCP recipients while it is not being paid by MHCP, it must notify PIO by April 29, 2024. To notify PIO, call the investigator below at 651-431-2921.

If Nuway House, Inc. is unable to continue providing services to MHCP recipients, it must:
- Notify recipients and employees about this change

- Assist the recipients in transitioning to providers of their choice
- Know that DHS is available to assist recipients with transitions to other providers.

If you have questions about this notice, require it in an accessible format, or need a reasonable accommodation for a disability, please contact Charles Esboldt at 651-431-2921, Charles.Esboldt@state.mn.us, or use your preferred relay service.

Program Integrity Oversight Division
Office of the Inspector General
Minnesota Department of Human Services

*Legal Authority:*
Minnesota Statutes, sections 256B.064, subd. 2(b) and 256B.0641
Minnesota Rules, parts 9505.0180, 9505.2231 and 9505.2160 to 9505.2245.
42 CFR section 455.23

*NUWAY, et al.*
*vs.*
*Minnesota Department of Human Services*
*Temporary Commissioner Shireen Gandhi*

U.S.D.C. No. 25-CV-00492 (JRT/ECW)

DECLARATION OF
AMANDA NOVAK

**EXHIBIT 4**



**DEPARTMENT OF
HUMAN SERVICES**

June 13, 2024

Nuway House, Inc.
Ben Madden Nuway House
2518 First Avenue South
Minneapolis, MN 55404

Certified and Regular Mail

**Amended Notice of Payment Withhold
Provider Number: 577162000; NPI: 1265515639**

Dear Authorized Representative:

This Amended Notice of Payment Withhold replaces the Amended Notice of Payment Withhold dated April 15, 2024. The Minnesota Department of Human Services (DHS) Program Integrity Oversight Division (PIO) will withhold all Minnesota Health Care Programs (MHCP) payments for substance use disorder treatment services to Nuway House, Inc. effective December 16, 2024. The effective date for this payment withhold is subject to change at the discretion of DHS based on evaluation of available information and circumstances.

**Basis for Action**

DHS determined there is a credible allegation of fraud for which an investigation is pending under the MHCP. DHS has information that Nuway House, Inc.:

- Billed for services not provided as billed;
- Improperly induced services through the use of illegal kickbacks;
- Failed to return overpayments;
- Submitted claims for which it was not entitled to reimbursement; and
- Failed to document services in compliance with legal requirements.

**Temporary Withholding**

The MHCP payment withhold will start December 16, 2024 and continue until DHS or a prosecuting authority determines there is insufficient evidence of fraud, or until legal proceedings related to the alleged fraud are completed.

Nuway House, Inc. has the right to submit written evidence to DHS explaining why payments should not be withheld. Mail your written evidence to the P.O. Box listed at the bottom of the page.

If Nuway House, Inc. is going to continue to provide services to MHCP recipients while it is not being paid by MHCP, it must notify PIO by November 15, 2024. To notify PIO, call the investigator below at 651-431-2921.

If Nuway House, Inc. is unable to continue providing services to MHCP recipients, it must:

- Notify recipients and employees about this change
- Assist the recipients in transitioning to providers of their choice
- Know that DHS is available to assist recipients with transitions to other providers.

If you have questions about this notice, require it in an accessible format, or need a reasonable accommodation for a disability, please contact Charles Esboldt at 651-431-2921, Charles.Esboldt@state.mn.us, or use your preferred relay service.


Program Integrity Oversight Division
Office of the Inspector General
Minnesota Department of Human Services


*Legal Authority:*
Minnesota Statutes, sections 256B.064, subd. 2(b) and 256B.0641
Minnesota Rules, parts 9505.0180, 9505.2231 and 9505.2160 to 9505.2245.
42 CFR section 455.23

*NUWAY, et al.*
*vs.*
*Minnesota Department of Human Services*
*Temporary Commissioner Shireen Gandhi*

U.S.D.C. No. 25-CV-00492 (JRT/ECW)

DECLARATION OF
AMANDA NOVAK

**EXHIBIT 5**



DEPARTMENT OF
HUMAN SERVICES

December 5, 2024

Nuway House, Inc.
Ben Madden Nuway House
2518 First Avenue South
Minneapolis, MN 55404

Certified and Regular Mail

**Amended Notice of Payment Withhold**
**Provider Number: 577162000; NPI: 1265515639**

Dear Authorized Representative:

This Amended Notice of Payment Withhold replaces the Amended Notice of Payment Withhold dated June 13, 2024. The Minnesota Department of Human Services (DHS) Program Integrity Oversight Division (PIO) will withhold all Minnesota Health Care Programs (MHCP) payments for substance use disorder treatment services to Nuway House, Inc. effective February 21, 2025. The effective date for this payment withhold is subject to change at the discretion of DHS based on evaluation of available information and circumstances.

**Basis for Action**

DHS determined there is a credible allegation of fraud for which an investigation is pending under the MHCP. DHS has information that Nuway House, Inc.:
- Billed for services not provided as billed;
- Improperly induced services through the use of illegal kickbacks;
- Failed to return overpayments;
- Submitted claims for which it was not entitled to reimbursement; and
- Failed to document services in compliance with legal requirements.

**Temporary Withholding**

The MHCP payment withhold will start February 21, 2025 and continue until DHS or a prosecuting authority determines there is insufficient evidence of fraud, or until legal proceedings related to the alleged fraud are completed.

Nuway House, Inc. has the right to submit written evidence to DHS explaining why payments should not be withheld. Mail your written evidence to the P.O. Box listed at the bottom of the page.

If Nuway House, Inc. is going to continue to provide services to MHCP recipients while it is not being paid by MHCP, it must notify PIO by January 15, 2025. To notify PIO, call the investigator below at 651-431-2921.

If Nuway House, Inc. is unable to continue providing services to MHCP recipients, it must:

- Notify recipients and employees about this change
- Assist the recipients in transitioning to providers of their choice
- Know that DHS is available to assist recipients with transitions to other providers.

If you have questions about this notice, require it in an accessible format, or need a reasonable accommodation for a disability, please contact Charles Esboldt at 651-431-2921, Charles.Esboldt@state.mn.us, or use your preferred relay service.

Program Integrity Oversight Division
Office of the Inspector General
Minnesota Department of Human Services

*Legal Authority:*
Minnesota Statutes, sections 256B.064, subd. 2(b) and 256B.0641
Minnesota Rules, parts 9505.0180, 9505.2231 and 9505.2160 to 9505.2245.
42 CFR section 455.23

*NUWAY, et al.*

*vs.*

*Minnesota Department of Human Services*
*Temporary Commissioner Shireen Gandhi*

U.S.D.C. No. 25-CV-00492 (JRT/ECW)

# DECLARATION OF
# AMANDA NOVAK

# EXHIBIT 6

| From: | Schollmeier, Betsy J (DHS) |
|---|---|
| To: | "Glaser, David" |
| Cc: | "Sertich, Manda" |
| Subject: | RE: NUWAY Temporary Payment withholding |
| Attachments: | image001.jpg |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.jpg |
| | image006.jpg |
| | LTRGlaserPaymentWithholdResponse20241121.pdf |

Good afternoon, David.

Attached please find a courtesy copy of the DHS response to your request to reconsider the payment withhold implemented against the Nuway programs listed in the letter. This letter is being issued today. I understand Nuway is looking ahead to notifying clients of potential impacts of this decision – in light of the current effective date looming and the potential that clients may need additional time to secure alternative services if necessary, DHS is open to further requests by Nuway for additional time before the payment withhold goes into effect to mitigate a negative impact on clients. You can direct any specific requests about the effective date to me and I can share with the Provider Integrity and Oversight Division. DHS, however, is not withdrawing the payment withhold notice.

Sincerely,

**Betsy Schollmeier**
Chief Legal Counsel
OIG Legal Counsel's Office
Pronouns: (she/her)

**Office of Inspector General**
**Minnesota Department of Human Services**
P.O. Box 64953
Saint Paul, MN 55164-0953
O: 651-431-6577
F: 651-431-7673
mn.gov/dhs



**From:** Glaser, David <dglaser@fredlaw.com>

**Sent:** Wednesday, November 20, 2024 8:59 AM
**To:** Schollmeier, Betsy J (DHS) <betsy.schollmeier@state.mn.us>
**Cc:** Sertich, Manda <msertich@fredlaw.com>
**Subject:** RE: NUWAY Temporary Payment withholding

Hi Betsy. We are hitting the point where we have to pull the trigger on various notifications. Should we be doing so?

David

**David Glaser**
**direct** 612-492-7143

**From:** Schollmeier, Betsy J (DHS) <betsy.schollmeier@state.mn.us>
**Sent:** Friday, November 15, 2024 1:39 PM
**To:** Glaser, David <dglaser@fredlaw.com>
**Cc:** Sertich, Manda <msertich@fredlaw.com>
**Subject:** RE: NUWAY Temporary Payment withholding

**CAUTION: EXTERNAL E-MAIL**

Hi David –

My apologies for the delay in responding to you and thanks for following up. We anticipate having a response to you early next week and appreciate your concern about the impacts on clients receiving services. If you have further questions once you receive our response, feel free to reach out once again.

Have a nice weekend,

**Betsy Schollmeier**
Chief Legal Counsel
OIG Legal Counsel's Office
Pronouns: (she/her)

**Office of Inspector General**
**Minnesota Department of Human Services**
P.O. Box 64953
Saint Paul, MN 55164-0953
O: 651-431-6577
F: 651-431-7673
mn.gov/dhs


Minnesota Department of Human Services Logo

**From:** Glaser, David <dglaser@fredlaw.com>
**Sent:** Friday, November 15, 2024 1:35 PM
**To:** Schollmeier, Betsy J (DHS) <betsy.schollmeier@state.mn.us>
**Cc:** Sertich, Manda <msertich@fredlaw.com>
**Subject:** RE: NUWAY Temporary Payment withholding

> You don't often get email from dglaser@fredlaw.com. Learn why this is important

Good afternoon Betsy.  I am just checking in on this one more time.  We are rapidly approaching the point where we have to act on the assumption that the payment suspension will be taking effect, which will result in us taking actions which we would love to avoid.

Any word?

Thanks!!

David

**David Glaser**
**direct** 612-492-7143

**From:** Glaser, David
**Sent:** Thursday, November 7, 2024 2:12 PM
**To:** Schollmeier, Betsy J (DHS) <betsy.schollmeier@state.mn.us>
**Cc:** Sertich, Manda <msertich@fredlaw.com>
**Subject:** RE: NUWAY Temporary Payment withholding

Good afternoon.  I realize it has only been a week, and a lot has happened in that week, but I wanted to check in on this.  If the payment suspension is going into effect next month, NUWAY needs to start notifying its clients and sending them away.  I don't think that is in anyone's interest.  Before we start that action, which will undoubtedly have negative ramifications for both of our clients, but far more importantly, the clients

themselves, I was hoping DHS would agree to withdraw the letter. If DHS isn't prepared to withdraw the letter now, if you could give me some insight into the timing of a decision, that would certainly be helpful.

Thanks a ton!

David

**David Glaser**
**direct** 612-492-7143

**From:** Schollmeier, Betsy J (DHS) <betsy.schollmeier@state.mn.us>
**Sent:** Thursday, October 31, 2024 4:17 PM
**To:** Glaser, David <dglaser@fredlaw.com>
**Subject:** RE: NUWAY Temporary Payment withholding

**CAUTION: EXTERNAL E-MAIL**

Good afternoon;

I have received your email and can acknowledge the Provider Integrity and Oversight Division also received it. We'll review your materials and provide a response once we have an opportunity to consider your position. If you have questions in the meantime, please feel free to reach out to me directly.

Enjoy your evening;

**Betsy Schollmeier**
Chief Legal Counsel
OIG Legal Counsel's Office
Pronouns: (she/her)

**Office of Inspector General**
**Minnesota Department of Human Services**
P.O. Box 64953
Saint Paul, MN 55164-0953
O: 651-431-6577
F: 651-431-7673
mn.gov/dhs


Minnesota Department of Human Services Logo

---

**From:** Glaser, David <dglaser@fredlaw.com>
**Sent:** Thursday, October 31, 2024 1:40 PM
**To:** Schollmeier, Betsy J (DHS) <betsy.schollmeier@state.mn.us>
**Subject:** FW: NUWAY Temporary Payment withholding

You don't often get email from dglaser@fredlaw.com. Learn why this is important

**This message may be from an external email source.**
Do not select links or open attachments unless verified. Report all suspicious emails to Minnesota IT Services Security Operations Center.

---

Hi Betsy.  I sent this to Cynthia when I should have sent it to you.

I don't know how much of the history of this situation you know already, but I would be happy to talk about it.  I can't think of another case I have worked on where I have felt like the policy implications were bigger.  I would very much like to avoid what could be a bad result for a lot of people.

In addition, my colleagues and I throughout the industry have been talking about payment suspensions generally.  Basically, we have due process concerns about the way payment suspensions have played out.  I would welcome a chance to discuss that as well!  For that one I am happy to include folks from other firms or not as you see fit.

Thanks a ton!!

David

**David Glaser**
**direct** 612-492-7143

---

**From:** Glaser, David
**Sent:** Thursday, October 31, 2024 1:22 PM

**To:** Johnson, Thomas S (DHS) <thomas.s.johnson@state.mn.us>
**Cc:** Novak, Amanda E (DHS) <amanda.novak@state.mn.us>; Jahnke, Cynthia B (DHS)
<cynthia.jahnke@state.mn.us>; Oberg, Corrie A (DHS) <corrie.oberg@state.mn.us>; Sertich, Manda
<msertich@fredlaw.com>; Fee, Mary (GOV) <mary.fee@state.mn.us>
**Subject:** NUWAY Temporary Payment withholding

Good afternoon.  I would like to follow-up on our communications over the last eight months regarding the possible suspension of payments to NUWAY.  As you know, the suspension has been delayed until December 16th.  I have become aware of some communications that should cause the Department to withdraw the notice.  I believe that the main issue prompting the payment suspension has been the R.I.S.E program.  Under R.I.S.E., NUWAY clients are eligible to receive a subsidy to a recovery residence.  Some have questioned whether that offer constitutes a kickback.  While I have many thoughts about what supports the legality of the program, here I want to focus solely on one key point:  the Department has been fully aware of the program for at least 5 years, so there is no basis to assert the program gives rise to a "credible allegation of fraud," which is the standard for suspending payments.

I am attaching three documents.  The first is an agenda of a site visit that occurred on April 5, 2019.  Patina Thomas, Jeffrey Hunsburger, Kristine Davis and another DHS staffer met with four NUWAY professionals and heard about the R.I.S.E. program.  I have highlighted some of the key language in yellow.  I believe that meeting, by its own, would constitute comprehensive notice to the Department about the program.  There is, however, another document that is even more explicit in its description of the program.  In 2019 NUWAY applied for the Department of Human Services Circle Commission of Excellence Award.  I have attached an excerpt from that application, once again highlighting some of the key language. (See the 6th page.).  As you can see, the application explained how "all NUWAY clients are eligible to receive recovery residence subsidization contingent upon weekly treatment compliance reflecting outcome-based goals (sobriety, attendance, behavior, etc.)."  The Commissioner was told "NUWAY offers this subsidization from their own resources and there is no additional cost to the client or third-party payor."  The application lays out exactly the features that those asserting that the program is problematic point to as impermissible.   To be clear, I think that those who have claimed that the program is improper are wrong and that the program is legal.  But the question of whether the program is legal is outside the scope of my note because the payment suspension is premised solely on fraud.  Even if the program is illegal, as long as there is no "credible allegation of fraud" there is no basis for a payment suspension.

In light of the fact that the program was fully disclosed to the Commissioner's Office back in 2019, there's no legitimate basis for characterizing the program as "fraudulent."  In this note I am not going to provide all of the details of the many other times that NUWAY has publicly described the program, be it as part of its Annual Report, its website or brochures, or its payor

contracts.  I am happy to provide that if you would like.  But for now I am focusing almost exclusively on disclosure directly to DHS.   NUWAY applied for an award from the Commissioner because it felt (and still feels) that the program is good for clients.  That application explained all of the salient details of the program directly to the Commissioner.  In light of that, there is no basis to assert that there is a credible allegation of fraud.

I will add one more disclosure.  In 2019 NUWAY also discussed R.I.S.E. with the state OIG.  I am attaching emails that describe the lead-up to that call.  While I don't have anything about the call itself, there is no real doubt that the OIG heard a description of the R.I.S.E. program in 2019.  Organizations engaging in fraudulent conduct don't call the OIG and describe it.

I realize that there is also a question about some of NUWAY's billing.  But as I explained in my earlier correspondence with you, NUWAY brought that issue to the US Attorney's office, indicating that it was prepared to make a refund but asking whether we should make the refund or wait.  The US Attorney's office instructed us to wait, and we have.  Given that NUWAY raised the issue with the government, that cannot serve as the basis of a credible allegation of fraud.  I will add that the relevant language in the Manuals was changed on September 4th of this year, presumably because the Department recognized the language was misleading.

In light of this, we ask that DHS withdraw the notice of the payment suspension.   Payment suspensions require credible allegations of FRAUD.  An overpayment, or disagreement about the interpretation of a provision is not fraud, because fraud requires deception.  NUWAY's transparent conduct here does not permit a conclusion that any allegations of fraud are credible.

I would appreciate it if you could let me know your thoughts.

Thanks, and Happy Halloween.

David

**David Glaser**
Shareholder
Chair - Health Care Fraud & Compliance
dglaser@fredlaw.com

Fredrikson & Byron, P.A.  /  60 South Sixth Street  /  Suite 1500  /  Minneapolis, MN 55402-4400
**main** 612-492-7000   **direct** 612-492-7143
**web** fredlaw.com   **assistant** Jamie Davis 612-492-7619

This is a transmission from the law firm of Fredrikson & Byron, P.A. and may contain information which is privileged, confidential, and protected by the attorney-client privilege or the attorney work product doctrine. If you are not the addressee, please note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at our telephone number 612-492-7000.

Caution: This e-mail and attached documents, if any, may contain information that is protected by state or federal law. E-mail containing private or protected information should not be sent over a public (nonsecure) Internet unless it is encrypted pursuant to DHS standards. This e-mail should be forwarded only on a strictly need-to-know basis. If you are not the intended recipient, please: (1) notify the sender immediately, (2) do not forward the message, (3) do not print the message and (4) erase the message from your system.


**DEPARTMENT OF
HUMAN SERVICES**

November 21, 2024

David Glaser
Fredrikson & Byron, PA
60 South Sixth Street, Suite 1500
Minneapolis, MN 55402-4400

RE:   3 RS Nuway Counseling Center; Provider Number: 507755900; NPI: 1265515639
      2118 Nuway Counseling Center; Provider Number: 808492000; NPI: 1265515639
      Nuway Duluth Counseling Center; Provider Number: 383168100; NPI: 1265515639
      Nuway Mankato Counseling Center; Provider Number: 694115200; NPI: 1265515639
      Nuway House, Inc.; Provider Number: 577162000; NPI: 1265515639
      Nuway Rochester Counseling Center: 958682000; NPI: 1265515639
      Nuway Saint Cloud Counseling Center; Provider Number: 828632000; NPI: 1265515639
      Nuway University Counseling Center; Provider Number: 987608000; NPI: 1265515639
      Saint Paul Nuway Counseling Center; Provider Number: 768987300; NPI: 1265515639


Dear Mr. Glaser:

The Minnesota Department of Human Services (DHS) Program Integrity Oversight (PIO) Division received your email dated October 31, 2024, requesting that DHS remove the temporary payment withhold on 3 RS Nuway Counseling Center, 2118 Nuway Counseling Center, Nuway Duluth Counseling Center, Nuway Mankato Counseling Center, Nuway House, Inc., Nuway Rochester Counseling Center, Nuway Saint Cloud Counseling Center, Nuway University Counseling Center, and Saint Paul Nuway Counseling Center ("Nuway") which is scheduled to take effect on December 16, 2024.

DHS is currently scheduled to begin the temporary withholding of Minnesota Health Care Programs (MHCP) payments to Nuway on December 16, 2024.  DHS **must** place a temporary payment withhold on a provider when DHS determines the provider is the subject of a credible allegation of fraud for which an investigation is pending.  *See* 42 CFR §455.23(a)(1) and Minn. Stat. §256B.064, subd. 2.

DHS has considered the information contained in your email, as well as the information contained in the investigative file as required by Minnesota Statutes, section 256B.064, subdivision 2(b)(2). Following this review, DHS maintains there is a credible allegation of fraud for which an investigation is pending related to claims submitted by Nuway.  In addition, DHS has considered the factors listed in 42 CFR §455.23(e) and (f) and does not find good cause to remove the temporary payment withhold.

Finally, Minnesota Statutes, section 256B.064 does not allow Nuway the right to a hearing regarding the temporary payment withhold.  In unpublished decision, the Minnesota Court of Appeals held, "Minn. Stat. §256B.064 unambiguously gives the commissioner the authority to

determine the allegations of fraud are credible without a judicial determination." *Shire v. Harpstead*, A19-0807, 2019 WL 7287088 at *9 (Minn. Ct. App. Dec. 30, 2019).

As detailed above, DHS has determined there remains a credible allegation of fraud. A such, DHS/PIO has not changed its decision and the temporary payment withhold will go into effect on December 16, 2024, subject to change at the discretion of DHS based on evaluation of available information and circumstances. The payment withhold is temporary and will continue only until DHS or a prosecuting authority determines there is insufficient evidence of fraud, or until legal proceedings related to the alleged fraud are completed.

Sincerely,

Amanda Novak
Manager, Medicaid Provider Audits & Investigations
Program Integrity Oversight Division
Office of Inspector General
Department of Human Services

*NUWAY, et al.*
*vs.*
*Minnesota Department of Human Services*
*Temporary Commissioner Shireen Gandhi*

U.S.D.C. No. 25-CV-00492 (JRT/ECW)

DECLARATION OF
AMANDA NOVAK

**EXHIBIT 7**

**From:** Glaser, David
**To:** Oberg, Corrie A (DHS)
**Subject:** NUWAY payment suspension
**Date:** Wednesday, March 6, 2024 12:15:08 PM

You don't often get email from dglaser@fredlaw.com. Learn why this is important

**This message may be from an external email source.**
Do not select links or open attachments unless verified. Report all suspicious emails to Minnesota IT Services Security Operations Center.

Hi Corrie. Thank you so much for taking my call so quickly yesterday about the department's February 29, 2024 letter to NUWAY. I particularly appreciate it because we've had similar conversations several times and you remain willing to indulge me as we effectively repeat the same conversation for different organizations as I plead for the rationale for a payment suspension, and you repeat the Department's position it isn't forthcoming.

I want to confirm in writing that the department believes, either because of law or policy, that it may not provide any additional information to NUWAY about the reasons for the payment suspension. Specifically, even though the letter says that there are credible allegations that NUWAY "billed for services not provided as billed," NUWAY is not permitted to learn what type of services are involved or when they occurred, including whether they involve inpatient or outpatient care, group or individual therapy or any other information that would allow us to understand the specific concern. The department declines to provide a list of illustrative claims indicating what rule was allegedly violated for each of the claims. Similarly, even though there is purportedly a credible allegation that NUWAY "improperly induced services through the illegal use of kickbacks," NUWAY will not be told whether the allegation involves payments to clients, government officials, medical professionals or someone else. According to the department, NUWAY is not entitled to know what form the alleged "kickback" took, who allegedly paid it, who received it, or when it occurred.

As I mentioned to you, I have been in discussions with the federal government nearly 2 years. As it routinely does, the federal government explained their inquiry. When I briefly summarized that issue during our call you indicated that the Department would not confirm that the state's investigation was of the same question. My understanding is that the government's investigation is purely civil, with no criminal component. Over the last two years the federal government has taken no action to suspend payments.

The suspension of payments to NUWAY will result in over 1,000 people in recovery immediately losing access to the counselors with whom they have developed trust as they work to maintain sobriety. Many will lose access to recovery housing, which is widely acknowledged to be key to maintaining recovery. Approximately 100 mental health professionals will lose their jobs. It would be a shame, and possibly tragic (sudden loss of therapy to those in recovery can obviously have life-threatening consequences) if this occurred without NUWAY receiving an opportunity to meaningly defend its practices. I realize that the letter permits us to provide written evidence, but without any of the "time, place and manner" of the allegedly improper activities, there is no meaningful due process.

NUWAY believes that, at a minimum, the lack of substance in the notice violates federal and Minnesota guarantees of substantive and procedural due process.  In addition, it is, at best arbitrary.  As I mentioned on the call, NUWAY has a duty to its patients to try to reverse the suspension.

Given the very short time frame involved, and the danger a suspension poses to patient care, I would greatly appreciate it if you could get back to me today. If I am correct that the department will not be providing any additional information a simple "yes" confirming my understanding is entirely sufficient. Thank you again for your time and patience with me!

David

**David Glaser**
Shareholder
Chair - Health Care Fraud & Compliance
dglaser@fredlaw.com

Fredrikson & Byron, P.A.  /  60 South Sixth Street  /  Suite 1500  /  Minneapolis, MN 55402-4400
**main** 612-492-7000  **direct** 612-492-7143
**web** fredlaw.com  **assistant** Hannah Erickson 612-492-7607

<image001.png>

This is a transmission from the law firm of Fredrikson & Byron, P.A. and may contain information which is privileged, confidential, and protected by the attorney-client privilege or the attorney work product doctrine. If you are not the addressee, please note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at our telephone number 612-492-7000.

*NUWAY, et al.*
*vs.*
*Minnesota Department of Human Services*
*Temporary Commissioner Shireen Gandhi*

U.S.D.C. No. 25-CV-00492 (JRT/ECW)

DECLARATION OF
AMANDA NOVAK

**EXHIBIT 8**

You don't often get email from dglaser@fredlaw.com. Learn why this is important

**This message may be from an external email source.**
Do not select links or open attachments unless verified. Report all suspicious emails to Minnesota IT Services Security Operations Center.

Good morning.  I was looking at the state and federal regulations and saw two things that I suspect you already know, but I wanted to be sure.  I think both give the department a chance to avoid the fiasco that is going to happen if NUWAY closes its doors on 4/1 resulting in 1,000 people getting recovery treatment need to go out into the world and find new treatment providers and recovery housing at a time when there is a huge shortage of treatment options.

I know that the federal regulations and state law that require the department to suspend payments when there is a "credible allegation" of fraud can seem like a box that requires immediate suspensions leaves the department no meaningful discretion.  That is wrong in two important respects.  I think that there are two different ways that the department could comply with the federal and state law but still avoid this disruption.  In essence, the department has the authority to withdraw the suspension.

First, it is easy to think that a "credible allegation" as any assertion coming from an objective source.  But that is NOT how the law defines a "credible allegation."  Instead, the department is required to carefully consider all of the evidence to make a determination of the credibility of the claim.  Minnesota and federal law both define a "credible allegation"  as one where the department "has reviewed all allegations, facts, and evidence carefully and acts judiciously on a case-by-case basis."  In short, the regulation does not permit a "suspend first, and ask questions later" approach.  Given that there has been absolutely no attempt to hear from NUWAY, I do not believe that the allegation is "credible" at this point in time.  Because you haven't heard from NUWAY, the allegation is not credible, and there is no duty to suspend payments.  The department would be following the regulations to say "we have heard X, and we need your response."  I will add that if the allegations are similar to what I have heard from the federal government, I would be prepared to talk about them this afternoon.

But even if you feel that there is a credible allegation of fraud, the department still has the authority to avoid the huge disruption to care that will result if NUWAY stops operations on April 1st.  (Given that 90 to 95% of Nuway's patients are covered by Medicaid, a payment suspension will necessitate closure.)  Federal and state law permit the department unfettered discretion to protect public health and act in the best interest of people and the Medicaid program.  § 455.23 Suspension of payments in cases of fraud. Includes this provision in (e)(6):  A State may find that good cause exists not to suspend payments, or not to continue a payment suspension previously imposed, to an individual or entity against which there is an investigation of a credible allegation of fraud if any of the following are applicable: (6) The State determines that payment suspension is not in the best interests of the

Medicaid program

In other words, even if the state is convinced that the allegation is credible, it can still choose not to suspend payments.

I feel strongly that the allegations are not credible, but that isn't a fight we need to have right now. The state can insure that patients continue to receive treatment and NUWAY exists long enough for them to receive due process.

Finally, can you confirm that what I said in my email yesterday is accurate? I don't want there to be any ambiguity as I state the department's position.

Thanks a ton, and have a good day.

David

**David Glaser**
Shareholder
Chair - Health Care Fraud & Compliance
dglaser@fredlaw.com

Fredrikson & Byron, P.A. / 60 South Sixth Street / Suite 1500 / Minneapolis, MN 55402-4400
**main** 612-492-7000  **direct** 612-492-7143
**web** fredlaw.com  **assistant** Hannah Erickson 612-492-7607

<image001.png>

This is a transmission from the law firm of Fredrikson & Byron, P.A. and may contain information which is privileged, confidential, and protected by the attorney-client privilege or the attorney work product doctrine. If you are not the addressee, please note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at our telephone number 612-492-7000.