UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| NUWAY, Alliance, NUWAY House, Inc., 3 Rs NUWAY Counseling Center, NUWAY Saint Cloud Counseling Center, NUWAY University Counseling Center, NUWAY Rochester Counseling Center, 2118 NUWAY Counseling Center, NUWAY Mankato Counseling Center, NUWAY Duluth Counseling Center,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>Minnesota Department of Human Services Temporary Commissioner Shireen Gandhi, in her official capacity,<br><br>　　　　　　Defendant. | Civil File No. 25-CV-00492 (JRT/ECW)<br><br><br><br>**DECLARATION OF JENNIFER SATHER** |

I, Jennifer Sather, under penalty of perjury, hereby declare as follows:

　　　1.　　I am the Director of Substance Use Disorder Services, Behavioral Health Division, Minnesota Department of Human Services. I have personal knowledge of the matters in this declaration.

　　　2.　　I am familiar with Nuway. Nuway's programs include residential substance use disorder (SUD) treatment, outpatient SUD treatment, and housing support services.

　　　3.　　Because notices of temporary payment withholds have been issued to Nuway that will impact its outpatient SUD programs, and contemplated for some time prior to their issuance, DHS has been working to assess and mitigate the potential impact on Nuway's

1

outpatient SUD recipients. DHS has monitored and analyzed the SUD outpatient provider community's capacity to serve individuals within the counties of current Nuway outpatient SUD programs. The following chart reflects DHS's assessment of the outpatient SUD provider community's capacity to serve individuals currently served by Nuway, with the column on the far right reflecting the average number of individuals each provider would need to absorb if Nuway were to cease providing outpatient SUD services:

| County | Average Number of Nuway Recipients Served within County | Number of SUD Providers remaining within County | Number of Individuals remaining Providers would need to serve |
|---|---|---|---|
| **St. Louis County** | 179 | 25 | 7 |
| **Hennepin** | 669 | 82 | 8 |
| **Blue Earth** | 145 | 5 | 29 |
| **Ramsey** | 454 | 61 | 7 |
| **Stearns** | 144 | 10 | 14 |
| **Olmsted** | 188 | 17 | 11 |

4. I believe that the existing treatment providers in Minnesota will be able to absorb the majority, if not all, of Nuway's outpatient SUD recipients if Nuway were to cease providing those services.

5. Based on the assessed needs of Nuway's current outpatient SUD recipients, some recipients may not be appropriate for continued outpatient SUD services, and instead may be appropriate for inpatient SUD services, other types of services, or no services at all. These recipients therefore may not require continuing outpatient SUD services from another provider or may be appropriate to receive inpatient SUD services.

6. DHS has prepared a resource document to be given to Nuway's outpatient SUD recipients who may experience service disruption, which contains various resources

for individuals to utilize in obtaining SUD treatment support and housing support services if they experience treatment disruption or housing instability. DHS provided this document to Nuway and requested that it distribute it to its recipients. This resource document is attached to the Declaration of Kenneth L. Roberts as Exhibit A.

7. I was present during a meeting between DHS and Nuway representatives on February 4, 2025. The purpose of the meeting was to discuss efforts to transition affected clients and avoid service disruptions should Nuway cease to provide services. During the meeting, DHS requested that Nuway provide DHS with a list of current clients who receive housing subsidies in conjunction with outpatient treatment so that DHS could assist in helping provide housing resources to impacted clients. Nuway did not commit to providing such a list during the meeting, and has not done so to date. Instead, Nuway continued to request that DHS withdraw or delay the payment withhold. DHS also asked Nuway about the capacity at its inpatient programs. The purpose of this inquiry was to determine inpatient capacity in the event that any current Nuway outpatient clients were to be assessed as being appropriate for inpatient treatment services.

8. A true and correct copy of a letter from DHS to Nuway following the February 4, 2025 meeting, dated February 5, 2025, is attached as Exhibit 1.

9. Nuway is required by law, Minnesota Statute section 245A.04, subd. 15a, to have a written plan for ensuring the transfer of clients and records if their program closes, including plans for what arrangements it will make to transfer clients to another provider or county agency for continuation of services. Nuway is also required by the same statute

to notify affected clients of closure at least 25 days prior to closure, including information regarding how to access their records.

10.     DHS has requested that Nuway provide notice to DHS as to when it notifies any affected clients of closure. To date, Nuway has not done so.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: February 14, 2025            **s/ Jennifer Sather**
                                          Jennifer Sather

|#6004325-v1