**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| NUWAY Alliance, NUWAY House, Inc., 3 Rs NUWAY Counseling Center, NUWAY Saint Cloud Counseling Center, NUWAY University Counseling Center, NUWAY Rochester Counseling Center, 2118 NUWAY Counseling Center, NUWAY Mankato Counseling Center, NUWAY Duluth Counseling Center, | Civil Action No. 25-cv-492 (JRT-ECW) <br><br> **DECLARATION OF KENNETH L. ROBERTS** |
| Plaintiffs, | |
| v. | |
| Minnesota Department of Human Services Temporary Commissioner Shireen Gandhi, *in her official capacity*, | |
| Defendant. | |

I, Kenneth L. Roberts, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I have served as NUWAY Alliance's Chief Clinical Officer since April 23, 2013. In my role as Chief Clinical Officer, I oversee all client-facing services and licensed programs along with NUWAY's Quality Training and Compliance (QTC), Practicum, and Recovery Residence Resource Teams. I also regularly deliver educational and training content in conferences and seminars as a representative of the Alliance on a local and national level. As a member of the Executive Management Team, I have been involved in numerous conversations regarding the impact on NUWAY and its services should a payment withhold take effect on February 21, 2025.

2. My training and experience include a pending Doctorate in Behavioral Health (DBH) and a Master's Degree in Integrated Behavioral Health (IBH). I am also certified in Accelerated Resolution Therapy (ART) and Prolonged Exposure (PE), for the treatment of posttraumatic stress disorder (PTSD). I am also a person in long-term recovery. My twenty-year recovery period has served as the foundation for my daily passion in a fifteen-year career delivering client-focused, trauma-informed care.

**Provision of Data to DHS**

3. As noted in my February 7, 2025 Declaration, I participated in a virtual meeting with representatives of DHS on February 4, 2025. The purpose of the call, according to DHS, was to discuss next steps to ensure client continuity of care if NUWAY were to cease operations following the payment suspension that is scheduled to take effect on February 21, 2025.

4. During the meeting, DHS requested that NUWAY provide a list of current clients who receive housing services in conjunction with intensive outpatient treatment programs from NUWAY, including the clients' location by county. I informed DHS that I did not have that information at my fingertips during the call but would do my best to compile a list, with the understanding that the information is constantly changing given the intake and discharge of patients on a daily basis.

5. On February 14, 2025, I compiled the list requested by DHS. The list was transmitted to Paula Halverson, Manager of DHS's Licensing Division and Unit Manager of the Mental Health/Substance Use Disorder/CRF Unit, via a secure file transfer on the same date.

**RISE Funding**

6. In my previous Declaration, I discussed the RISE program at length. NUWAY pays the RISE stipends for client housing out of the revenue it generates from Medicaid-supported reimbursements from Minnesota Health Care Programs ("MHCP") for the intensive outpatient treatment services it provides. If a payment withhold goes into effect for intensive outpatient treatment services, it is my understanding that NUWAY will not be able to fund the RISE program because there will be no Medicaid-supported reimbursements from MHCP to fund the stipend payments.

7. I have reviewed the Opposition Brief filed by DHS's Temporary Commissioner filed on February 15, 2025, and in particular footnote 5. Footnote 5 implies that NUWAY would "kick clients out of their housing if DHS put the temporary payment withhold in effect." First, NUWAY would not, and does not have the power to, "kick" any client out of any housing. Second, NUWAY does not provide housing for outpatient clients; rather, as noted above and in my previous Declaration, NUWAY pays client housing stipends directly to independent recovery residences. Third, without Medicaid-supported reimbursements, NUWAY would not be able to pay the stipends to the independent recovery residences. Finally, as noted in my previous Declaration, to my knowledge, many recovery residences are owned and run by small business owners who would not be able to continue to house NUWAY clients without NUWAY stipends.

February 17, 2025  /s/ *Kenneth L. Roberts*
Kenneth L. Roberts