UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

NUWAY Alliance et al.,            Case No. 25-cv-00492 (JRT/ECW)

    Plaintiffs,

v.                                           **ORDER**

Shireen Gandhi, *Minnesota Department of Human Services Temporary Commissioner in her official capacity*,

    Defendant.

---

This matter is before the Court on the parties' Joint Motion for Continued Sealing (Dkt. 39) ("Motion") pursuant to Local Rule 5.6(e) concerning Docket Entry 10 filed under seal related to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 6).

Docket Entry 10 is the Declaration of N.S. in Support of Motion for Temporary Restraining Order and Preliminary Injunction. The parties argue that this Declaration should remain under seal for the following reasons:

> The document contains medical information relating to nonparty individual N.S.'s treatment for substance use disorder. Moreover, although N.S. is identified only by their initials to protect their confidential medical information, the document contains multiple identifying details, including N.S.'s current residence at a particular substance-free housing location, which could risk revealing N.S.'s identity and confidential substance use disorder treatment information.

(Dkt. 39 at 2.)

## I.   LEGAL STANDARD

American courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted).  As the Eighth Circuit has held:

> There is a common-law right of access to judicial records. . . .  This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and "to keep a watchful eye on the workings of public agencies."  It also provides a measure of accountability to the public at large, which pays for the courts.

*IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citations omitted).

"This right of access is not absolute, but requires a weighing of competing interests."  *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990).  The Eighth Circuit has identified the following interests that must be addressed in deciding whether to seal a judicial record:

> Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed. . . . The decision as to access is one best left to the sound discretion of the trial court in light of the relevant facts and circumstances of the particular case.

*IDT*, 709 F.3d at 1223 (cleaned up).  That said, "[a]lthough the court is given . . . supervisory power [over its records], '**only the most compelling reasons can justify non-disclosure of judicial records**.'"  *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006) (emphasis added) (quoting *In re Gitto Global Corp.*, 422 F.3d 1, 6 (1st Cir. 2005)).

"[A]ll documents properly filed by a litigant seeking a judicial decision are judicial records and are entitled to a presumption of public access." *Marden's Ark, Inc. v.*

2

*UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1044 (D. Minn. 2021).  "Modern cases on the common-law right of access say that 'the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resulting value of such information to those monitoring the federal courts.'"  *IDT*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)) (citations omitted).  When a document plays only a negligible role in a court's exercise of its Article III duties, such as a complaint that has not been adjudicated, the public's interest in access to the document is weaker and "the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Id.* (quoting *Amodeo*, 71 F.3d at 1050).

Given this standard, the Court will proceed with analyzing the merits of the parties' motion for continued sealing.

## II.   ANALYSIS

The Court first addresses the strength of the presumption of public access as to the Declaration of N.S.  While the Eighth Circuit has not been explicit about what weight to give the presumption as it relates to documents filed in conjunction with motions for injunctive relief, courts have held that because a motion for injunctive relief deals with the merits of the case, documents filed with the Court, in support of and in opposition to the motion's adjudication, are subject to a strong presumption of public access.  *See, e.g., Grant v. Lamont*, No. 3:22-CV-01223 (JBA), 2023 WL 6958763, at *4 (D. Conn. Oct. 20, 2023) (collecting cases); *see also N. Am. Sci. Assocs., LLC v. Conforti*, No. 24-CV-287 (JWB/ECW), 2025 WL 692128, at *2 (D. Minn. Mar. 4, 2025) (citation omitted).

However, given that Docket Entry 10 contains the private medical information of a nonparty and other identifiable information, coupled with the slight level of reliance on the Docket Entry 10 in United States District Judge John R. Tunheim's February 25, 2025 Order denying Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (*see* Dkt. 31 at 15), the Court concludes that the need to maintain the information in above entry under seal outweighs the public's right of access at this point in the litigation. *See IDT*, 709 F.3d at 1224. The Court emphasizes that this decision is not determinative as to whether this information will remain sealed in the future to the extent that it is filed and considered by the Court with respect to future dispositive motions. *See Cake Love Co. v. AmeriPride Servs., LLC,* No. 22-CV-1301 (PJS/ECW), 2023 WL 5277009, at *1 (D. Minn. June 22, 2023) (citing *In re Baycol Prods. Litig.*, No. 08-CV-5758 (MJD/ECW), 2021 WL 1893897, at *4 (D. Minn. May 11, 2021)).

### III.   ORDER

Based on the motion and the documents filed under seal, as well as all the files, records and proceedings herein, **IT IS ORDERED THAT**:

1. The parties' Joint Motion for Continued Sealing (Dkt. 39) is **GRANTED**; and

2. Docket Entry 10 shall remain **SEALED**.

DATED: March 26, 2025              *s/Elizabeth Cowan Wright*
                                   ELIZABETH COWAN WRIGHT
                                   United States Magistrate Judge